IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,055-01 






ROBERT PHILLIP HEIST, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM CAUSE NO. C-4-007428-0383008-A IN THE CRIMINAL DISTRICT
COURT NO. 4 OF TARRANT COUNTY





 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Penal
Code. Ex Parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant pleaded guilty
to possession of a controlled substance and was sentenced to thirteen years' imprisonment. 
Applicant did not appeal this conviction.

 Applicant contends, inter alia, that he has been denied time credit toward the
expiration of his sentence for time spent in confinement in Tarrant County, Young County,
and TDCJ-ID after sentencing. According to Applicant's calculations, he is entitled to
approximately four months and twelve days of additional "flat time" credit against his
sentence. Applicant is within 180 days of his presumptive release date, and is therefore not
required to exhaust his administrative remedies, pursuant to Tex. Gov't Code §501.0081(b)-(c).

 The trial court has not entered findings of fact or conclusions of law. Applicant has
alleged facts which, if true, might entitle him to relief. Therefore, it is this Court's opinion
that additional facts need to be developed, and that because this Court cannot hear evidence,
the trial court is the appropriate forum. The trial court may resolve those issues as set out in
Article 11.07, Section 3(d) of the Texas Code of Criminal Procedure, in that it may order the
Texas Board of Pardons and Paroles and/or the Texas Department of Criminal Justice,
Institutional Division to file an affidavit specifying the dates of each of the periods during
which Applicant was in custody, either in a county jail pursuant to a pre-revocation warrant
or in TDCJ-ID pursuant to a revocation, and also specifying whether he received time credit
toward the expiration of his sentence for each of those periods of time. The trial court may
also order depositions, interrogatories or a hearing. In the appropriate case, the trial court
may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and the Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 


 Following the receipt of additional information, the trial court shall make findings of
fact as to whether Applicant has received credit for each of the periods of time he spent in
confinement either in jail or in TDCJ-ID. The trial court shall also make any further findings
of fact and conclusions of law which it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issue shall
be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within one hundred
and twenty days of the date of this order. (2)




DELIVERED: DECEMBER 14, 2005

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.